ROBERTSON, Presiding Judge.
This is a child support modification case.
The parties were divorced in 1982. A separation agreement was incorporated into the final judgment of divorce, providing that the wife receive custody of the parties’ minor child and that beginning November 1982, the husband pay $175 per month, one-half constituting child support and one-half constituting periodic alimony. Further, the agreement provided that in *1112 January 1983, those payments would increase to $200 per month.
In 1991, the mother filed a complaint for modification, claiming, inter alia, that there had been a material change in circumstances since the divorce, specifically that the costs of rearing the minor child had substantially increased. The mother also claimed that there were outstanding medical bills for the minor child that the father had failed to pay. The mother requested that the trial court enter an order modifying the prior divorce decree in order that the child support payments comply with the mandatory requirements of the Child Support Guidelines. The father filed an answer and a counterclaim, requesting that the complaint for modification of child support be dismissed and requesting primary physical custody of the minor child during the summer months, with the mother having weekend visitation during that time.
The trial court, after an ore tenus proceeding, awarded custody of the minor child to the father during the months of June and July, with the mother having reasonable visitation rights. The trial court’s order also modified the final judgment of divorce as follows:
“(a) [The father] is hereby ordered to pay [the mother] the sum of $80.75 per week for the support and maintenance of the minor child except during the months of June and July of each year. The [mother] is hereby ordered to pay to [the father] the sum of $34.60 each week during the months of June and July of each year.
“(b) The [father] is hereby relieved from the alimony obligation originally entered in this cause.
“6. The award of child support made herein was determined by application of the Child Support Guidelines established by Rule 32, A.R.J.A.”
The father appeals and contends that the trial court erred in increasing child support payments, arguing that the mother did not show a material change of circumstances that was substantial and continuing. The mother does not appeal the trial court’s termination of periodic alimony.
Rule 32(A)(2)(i) provides:
“(i) The provisions of any judgment respecting child support shall be modified ... only upon a showing of a material change of circumstances that is substantial and continuing.”
At the time of trial, the minor child was nine years old and was in the fourth grade. The mother testified that the minor child’s school lunches and snacks now cost between $40 and $45 a month. Also, the mother testified that $50 per month is used to send the child to day care and that the minor child wishes to attend baton lessons, but the mother is unable to afford them. The mother further testified that there has been an increase in the child’s living expenses; that it costs more to support the child now than it did in 1982 when the child was one year old; that clothing for the child costs more; and that transportation costs have increased.
Additionally, the parties' testimony reflects that the mother was employed at a Kentucky Fried Chicken restaurant at the time of the divorce and is now employed at a Wal-Mart store earning $6.05 per hour and that, at the time of the divorce, the father was a teacher and a coach and is now self-employed with a yearly income of approximately $26,000. We note that under the terms of the trial court’s judgment, including the termination of periodic alimony, the father’s yearly increase in support payments only amounts to approximately $795 more than in 1983.
The record reflects sufficient evidence to support the trial court’s finding that the mother showed such a material change of circumstances since 1983 that was substantial and continuing to justify a modification of child support. The trial court did not err in applying the Child Support Guidelines.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.